United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51527
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN MCFADDEN,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:00-CR-204-4

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit
Judges.

PER CURIAM:[*]

Kevin McFadden appeals the fifty-six-month sentence he
received after his supervise release was revoked. He contends
that, pursuant to United States v. Booker, 543 U.S. 220 (2005),
sentences imposed upon revocation of supervised release are
reviewed under the reasonableness standard. Further, he argues
that the sentence imposed was unreasonable because it substantially
exceeded the guidelines advisory range and the district court's

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasons for imposing the sentence were insufficient insofar as they did not comport with 18 U.S.C. § 3553(a).

This court need not decide the appropriate standard of review for a sentence imposed upon revocation of supervised release in the wake of <u>Booker</u> because McFadden has not shown that his sentence was either unreasonable or plainly unreasonable. <u>See</u> <u>United States v. Hinson</u>, 429 F.3d 114, 120 (5th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1804 (2006). McFadden's sentence, while in excess of the recommended range, was within the statutory maximum sentence that the district court could have imposed. Further, a review of the record demonstrates that the district court considered the relevant sentencing factors. <u>See</u> <u>United States v. Smith</u>, 440 F.3d 704, 707 (5th Cir. 2006). Therefore, the sentence was neither unreasonable nor plainly unreasonable.

Accordingly, the district court's judgment is AFFIRMED.